## W. J. WESTON ET AL., APPELLANTS, VS. S. D. MOODY, ET AL., APPELLEES.

A bill in chancery alleged that complainants were seized in fee of a lot of land, and derived title from a county by deed from the Chairman of the Board of County Commissioners of the county, who derived title from the United States; that defendants were in adverse possession of the lot against the wishes of complainants. Defendants answered admitting the adverse possession, but denied valid title in complainants from the County Commissioners, and set up title from them in defendants; title from the government to the County Commissioners being admitted, complainants put in evidence a deed to them from the Chairman of the Board of County Commissioners, and a resolution of the board under which the deed was executed: *Held*, Without determining the sufficiency of the bill under the act of 1889, Chapter 3884. that the resolution of the board did not authorize the execution of the deed to complainants, as they were not embraced within the class of persons to whom the chairman was empowered to made deeds, and as they showed no sufficient title the decree dismissing the bill should be affirmed.

Appeal from the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the court.

*L. N. Green*, for Appellants.

*Bullock* and *Burford*, for Appellees.

MABRY, C. J.:

Appellants filed a bill in chancery against appellees, alleging in substance that appellants were seized in fee of a certain described lot of land situated in the town of Ocala, Marion county, Florida, and derived title by good deed of conveyance from said county through Louis Fox, as Chairman of the Board of County Commissioners of the county, and that said board derived title to said lot by patent from the United States. That from the time of conveyance to appellants until the ——— day of ———, 1886, the lot was vacant and unoccupied, and that on the ——— day of ———, 1886, appellee S. D. Moody took possession of said lot adversely to and against the wishes of appellants, who demanded possession of the same, and that the said Moody was in possession of said lot against the wishes of appellants. That on the ——— day of ———, 1890, the said Moody conveyed to appellee Caro S. Murrell an interest in said lot, the amount of said interest being unknown to appellants, and that appellees were, at the time of filing the bill, in adverse possession of said lot as against appellants, and without their consent or authority. That said Moody being in such possession of the lot, had leased a portion of it to a third party named, the conditions of the lease being

unknown to appellants. The special relief asked for is, that the title of appellants to the lot be quieted and that possession be awarded to them; that a receiver be appointed to collect rents, and appellees be enjoined from collecting the same.

The answer of appellees denies that appellants or either of them were seized in fee of said lot, or any part of it, or that they or any person as ancestor, predecessor, grantor or in any other capacity connected with them, or either of them, had ever been owner of said lot. It is denied that appellants derived title by good deed of conveyance from the Board of County Commissioners of said county through Fox, as chairman of said board as alleged. It is admitted that the county derived title to the lot by patent from the United States, but it is denied that the lot was vacant from the time of the said conveyance to appellants until the ——— day of ———, 1886. On the contrary, it is alleged that appellees and those under whom they claimed had been in actual, quiet, peaceable and unquestioned possession of the lot, claiming title thereto adverse to all persons, under written deeds of conveyances, since the year 1849. It is admitted that S. D. Moody had conveyed a part of the lot to Caro S. Murrell, who was in possession, and that he had leased to the party named. The adverse possession of Moody and Caro S. Murrell is admitted. After replication was filed and testimony taken, the bill was dismissed on final hearing.

Counsel for appellants insists in his brief that improper testimony was admitted, of the part of appellees, and various objections to testimony, made before the master who took the evidence, are argued. It appears that objections to testimony on both sides were

noted before the master when the testimony was taken, but no motion was made before the chancellor to rule on any of the exceptions, nor was any motion made before him, either before or at the hearing, to exclude any portion of the testimony taken. It appears that the case was submitted on the testimony taken, and the decree dismissing the bill was based thereon.

Our conclusion is, that the decree must be affirmed on the testimony offered by appellants, and no reference need be made to the testimony to which objection is urged here.

Before giving our reasons for affirming the decree we deem it proper to state that no objection, either by demurrer to the bill or otherwise, was made, that the case was not cognizable in a court of equity. Appellees conceded the jurisdiction of the court, and contested appellants' case on the merits. It seems that both parties proceeded upon the theory that the court would have jurisdiction under the act of 1889 (Chapter 3884), and with this view all questions as to the jurisdiction of the court were waived. The bill was dismissed, as we think, rightly on the testimony, conceding that the court, under the circumstances, was authorized to determine the questions presented, and, without deciding the sufficiency of the bill in this case, had proper objection been made, whether under the act of 1889 or not, we dispose of the case on the record as presented.

The patent from the United States conveyed a tract of land, of which the lot in question forms a part, to the Board of County Commissioners of Marion county, Florida. Appellants put in evidence a resolution of the Board of County Commissioners of said county, and a deed from Louis Fox, as chairman of said board,

purporting to convey the lot in controversy to appellants, and rely solely upon them for their title. The resolution reads as follows, *viz:* "Resolved, That whereas, it does not appear on record that certain blocks and lots in the surveys of the town of Ocala have been conveyed by the county of Marion to any purchasers or donors under resolutions of the Board of County Commissioners for the sale and gift thereof, and whereas, said blocks and lots in some instances are adjacent to the lands of others who are thereby deprived of the full benefit of the streets which bound the same, and whereas, certain other lots are abandoned and claimed by right of possession without any deed thereto; therefore, in order to facilitate the assessment and collection of taxes on all and singular the said lots and blocks, the Clerk of the Circuit Court be and he is hereby directed, upon application to him and payment of the usual fee, to draw quit-claim deeds unto parties entitled to the same under this resolution, and the Chairman of the Board of County Commissioners is hereby empowered and authorized to sign said quit-claim deeds in his official capacity, so as to convey all the right, title and interest of the said county of, in and to all and singular the said blocks and lots unto the said parties applying as aforesaid for title thereto." The deed from Fox, after reciting that he was acting by authority of the resolution of said Board of County Commissioners, and in consideration of one dollar paid by appellants to the clerk of said board, proceeds as follows: "The county of Marion bargains, sells and quit-claims, and by these presents bargains, sells and quit-claims unto the said W. J. Weston and Ruby E. Weston and to their heirs and their assigns forever all the right, title and interest of the said Ma-

rion county in and to all and singular the following described piece of land situated, lying and being in the limits of the town of Ocala, said county, and described as fractional lot numbered sixty-one of the old survey of said town, and adjoining the lot of the said W. J. Weston and Ruby E. Weston in said town of Ocala, with all and singular the tenements and appurtenances thereto belonging or in anywise appertaining." The deed was executed in the presence of two witnesses and signed by Louis Fox, Chairman of the Board of County Commissioners of Marion county and sealed with his private seal.

Appellants claim that Fox was authorized under the resolution mentioned to convey the lot to them, as they were owners of a lot adjacent to the one conveyed, or attempted to be conveyed. They do not claim that they, or any one with whose title they are connected in any way, ever purchased the lot from the county or occupied it adversely for any length of time. Their right to the deed must depend, under the testimony, solely upon the fact that they were owners of an adjacent lot. They introduced testimony tending to show that the lot in question was in fact vacant and unenclosed at the time the deed was made to them; but conceding this to be true, it does not change the result in our judgment.

Appellees, in actual possession of the lot at the time of filing the bill, rely upon sources of title by possession and paper title extending back to an alleged purchase from the county in 1849, but we do not here go into a consideration of their title, as appellants derived no valid title to the lot, in our judgment, under the deed from Fox. Appellants entirely misconceived, we think, the purpose of the resolution and the authority

designed to be conferred by it. The resolution did not undertake to confer authority upon the Chairman of the Board of County Commissioners to make quit-claim deeds to any persons except to purchasers or donees from the county, and to whom it did not appear by the record any deeds had been made. The word "donors" evidently means donees in the connection in which it is found. It starts out with the declaration that it did not appear of record that certain blocks and lots in the town of Ocala had been conveyed by the county to purchasers or donors under resolutions of the board for the sale and gift thereof, and from this it is apparent that the board designed to authorize the execution of quit-claim deeds to parties who had become purchasers or donees of blocks and lots, and entitled to deeds thereto, but none had been made as appeared of record. Before it should be held that the county intended to give away her public property by paying the fee for executing a deed thereto, the language indicating such meaning would have to be free from doubt, and capable of no other reasonable construction. The language of the resolution before us does not require such a construction to be placed upon it, and we do not so construe it. The use of the word "said," before the words "blocks and lots," in the second paragraph, indicates that they were blocks and lots that had been purchased from the county as provided in the first part of the resolution, and the direction to the clerk is to draw quit-claim deeds to parties entitled to the same under the resolution. The parties entitled to deeds were purchasers or donees, and those succeeding to their rights, and not those having no interest or rights whatever in the lots. The deed to appellants recites that the lot conveyed joined other

real property of theirs, but this fact alone did not authorize the Chairman of the Board of County Commissioners to convey the lot under the resolution, and as the testimony offered by appellants shows that they had no other right to the deed than that of being owners of an adjacent lot, it is manifest that the deed was executed without authority and on a misapprehension of what the resolution meant. We have assumed that the resolution was sufficient to authorize the chairman of the board, in the cases coming within the authority thereby conferred, to convey in the manner in which the present deed is executed, but we have not examined this point, as it is not necessary. The question whether the deed from Fox standing alone would be *prima facie* evidence of title, is not considered, as the authority under which he acted, as well as the right of appellants to the deed, is fully disclosed by the evidence, and from it we are satisfied that the deed was without authority and conveyed no title from the county.

The decree is affirmed.